1  Cheryl Johnson-Hartwell (SBN 221063)
   E-mail: cjohnson-hartwell@bwslaw.com
2  Keiko J. Kojima (SBN 206595)
   E-mail: kkojima@bwslaw.com
3  BURKE, WILLIAMS & SORENSEN, LLP
   444 South Flower Street, Suite 2400
4  Los Angeles, California 90071-2953
   Tel: 213.236.0600  Fax: 213.236.2700
5
   Attorneys for Defendants
6  Northern Data US, Inc. and Northern Data
   US Holdings, Inc.
7

8              UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

10

11 | JOSHUA PORTER, an individual, and | Case No. 2:24-cv-03389
   | GULSEN KAMA, an individual,
12 |                                    | **NOTICE OF REMOVAL OF CIVIL ACTION**
   |         Plaintiffs,
13 |                                    |
   |    v.                              | **[Diversity Jurisdiction - 28 U.S.C §§ 1332(a), 1441(a)]**
14 |                                    |
   | NORTHERN DATA US, INC., a
15 | Delaware corporation; NORTHERN
   | DATA US HOLDINGS, INC., a
16 | Delaware corporation; and DOES 1
   | through 10, inclusive,
17 |
   |         Defendants.
18

19

20       TO PLAINTIFFS AND TO THEIR ATTORNEYS OF RECORD:

21       Defendants Northern Data US, Inc. and Northern Data US Holdings, Inc.

22 hereby serve notice of their removal of the above-entitled action to the United States

23 District Court for the Central District of California from the Superior Court of the

24 State of California for the County of Los Angeles, and respectfully aver:

25 ///

26 ///

27 ///

28 ///

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4878-9574-1367 v2

1

Case No.
NOTICE OF REMOVAL OF CIVIL ACTION

## PLEADINGS AND PROCEEDINGS TO DATE

1.     On or about March 8, 2024, an action was commenced by Plaintiffs Joshua Porter ("Porter") and Gulsen Kama ("Kama") (collectively "Plaintiffs") against Northern Data US, Inc., and Northern Data US Holdings, Inc. (collectively "Defendants" or "Northern Data") in the Superior Court of the State of California, County of Los Angeles, entitled *JOSHUA PORTER, an individual, and GULSEN KAMA, an individual, Plaintiffs, v. NORTHERN DATA US, INC., a Delaware corporation; NORTHERN DATA US HOLDINGS, INC., a Delaware corporation; and DOES 1 through 10, inclusive, Defendants*, Case No. 24STCV05852 ("the Action").

2.     On March 25, 2024, Defendant Northern Data US, Inc. was served with a copy of the Summons and Complaint through its authorized agent for service of process, CT Corporation System.  On March 25, 2024, Defendant Northern Data US Holdings, Inc. was served through its authorized agent for service of process, The Corporation Trust Company.  Along with the Summons and Complaint were served copies of the following:  the Civil Case Cover Sheet, a Civil Case Cover Sheet Addendum and Statement of Location, Notice of Case Assignment – Unlimited Civil Case, Alternative Dispute Resolution (ADR) Information Packet, and Notice of Case Management Conference.  True and correct copies of the Summons, Complaint, and all documents served with the Complaint are attached as Exhibits "1" through "7" to the Appendix of State Court Documents, filed concurrently herewith, and incorporated into this Notice of Removal.

3.     Defendants are informed and believe that there has been no service of process upon Does 1 through 10, inclusive.

///
///
///
///

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4878-9574-1367 v2

2

Case No.
NOTICE OF REMOVAL OF CIVIL ACTION

## GROUNDS FOR REMOVAL

4. This Action is a suit of a wholly civil nature brought in a California court. Removal is based on diversity of citizenship under 28 U.S.C. §§ 1332(a) and 1441(a). The Action is pending in the Superior Court for the County of Los Angeles, California. Accordingly, the United States District Court for the Central District of California is the proper forum for removal. 28 U.S.C. § 84(a).

## DIVERSITY OF CITIZENSHIP JURISDICTION

5. Complete diversity exists with respect to Plaintiffs, on the one hand, and Defendants on the other, at the time of filing the Complaint and at the time of the removal.

6. Defendants are informed and believe that Plaintiff Porter is currently a resident of the County of Los Angeles and is a citizen of California. The Complaint alleges that Plaintiff Porter at all relevant times was a resident of the County of Los Angeles, California. [Complaint, ¶3]

7. Defendants are informed and believe that Plaintiff Kama is currently a resident of the County of San Diego and is a citizen of California. The Complaint alleges that Plaintiff Kama is currently a resident of the County of San Diego, California. [Complaint, ¶4]

8. The citizenship of a corporation is both the place of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1). Defendant Northern Data US, Inc. is incorporated under the laws of the State of Delaware and has its principal place of business in Reston, Virginia. [Complaint, ¶5 ("… Northern Data US, Inc., is a Delaware corporation with a principal place of business in Reston, Virginia.")] Therefore, Northern Data US Holdings, Inc. is a citizen of both Delaware and Virginia. 28 U.S.C. § 1332(c)(1). Northern Data US Holdings, Inc. is not a citizen of California.

///

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4878-9574-1367 v2

3

Case No.
NOTICE OF REMOVAL OF CIVIL ACTION

9. Defendant Northern Data US Holdings, Inc. which was merged into Northern Data US, Inc. effective December 31, 2022, was incorporated under the laws of the State of Delaware. It is therefore a citizen of Delaware. As a non-surviving corporation in the merger with Northern Data US, Inc., Northern Data US Holdings, Inc. does not currently have a principal place of business. Northern Data US Holdings, Inc.'s previous principal place of business was in Reston, Virginia. Therefore, alternatively, Northern Data US Holdings, Inc. is a citizen of both Delaware and Virginia. 28 U.S.C. § 1332(c)(1). [Complaint, ¶6 "… Northern Data US Holdings, Inc., is a Delaware corporation with a principal place of business in Reston, Virginia."] Northern Data US Holdings, Inc. is not a citizen of California.

10. Defendants are informed and believe that Defendants Does 1 through 10 have not been served with the Summons and Complaint and have not appeared in this action. By reason of the provisions of 28 U.S.C. § 1441(a), these fictitious Defendants are to be disregarded for purposes of removal.

## AMOUNT IN CONTROVERSY SATISFIED

11. Diversity jurisdiction exists where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a). The Complaint has alleged damages far in excess of that amount. The amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property that is the subject of the action. *Hunt v. Washington State Apple Advertising Comm.*, 432 U.S. 333 (1977); *Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943) ("where both actual and punitive damages are recoverable under a complaint, each must be considered to the extent claimed in determining jurisdictional amount"); *Cain v. Hartford Life and Acc. Ins. Co.*, 890 F.Supp.2d 1246 , 1249-51 (C.D. Cal. Sept. 7, 2012) (jurisdictional limit met with claims for bad faith and punitive damages); *Simmons v. PCR Technology*, 209 F.Supp.2d 1029 (N.D. Cal. 2002) (jurisdictional threshold may be satisfied by

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4878-9574-1367 v2

4

Case No.
NOTICE OF REMOVAL OF CIVIL ACTION

attorney's fees, emotional distress damages and punitive damages); *Conrad Assoc. v. Hartford Acc. & Indemn. Co.*, 994 F.Supp. 1196, 1198 (N.D. Cal. 1998) (jurisdictional minimum may be satisfied by claims for special and general damages, attorneys' fees and punitive damages); *Richmond v. Allstate Ins. Co.*, 897 F.Supp. 447, 449-50 (S.D. Cal. 1995).

12. In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint. *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002). "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F.Supp.2d 1199, 1205 (E.D. Cal. 2008).

13. Plaintiffs' Complaint alleges damages for Wrongful Termination In Violation of Public Policy (Porter); violation of Labor Code section 1102.5; Wrongful Termination in Violation of Public Policy (Kama); Violations of New Jersey Conscientious Employee Protection Act, N.J.S.A. Sect. 34:19-1, et seq.; Misappropriate of Name and Likeness; and Invasion of Privacy. In the Complaint, Plaintiffs seek general, special, compensatory, and exemplary damages, including damages for emotional distress and punitive damages. [Complaint, ¶¶1-102, Prayer for Relief.]

14. In a case such as this, "[t]he jurisdictional minimum may be satisfied by claims for special and general damages, punitive damages, and attorneys' fees." *Simmons*, 209 F.Supp.2d at 1031. All claims can be aggregated to meet the minimum jurisdictional amount. *Bank of Calif. Nat'l Ass'n v. Twin Harbors Lumber Co.*, 465 F.2d 489, 491 (9th Cir. 1972); *Wolde-Meskel v. Vocational Instruction Project Comm. Svcs., Inc.*, 166 F.3d 59, 62 (2nd Cir. 1999). As such, the amount of controversy in this action exceeds $75,000, exclusive of interest and costs for the reasons described below. Plaintiffs already concede they seek over $35,000

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4878-9574-1367 v2

5

Case No.
NOTICE OF REMOVAL OF CIVIL ACTION

in filing their action as an unlimited case in the Los Angeles Superior Court. [Civil Case Cover Sheet].

### 1. *General and Specific Damages*

15. Plaintiffs allege general and specific damages for Defendants' alleged adverse employment actions against them. [Complaint, ¶¶62, 70, 76, 85] The Complaint does not allege the specific damages sought. However, back pay, if calculated from the respective dates of Plaintiffs' terminations (alleged to be March 17, 2023 for Plaintiff Porter and June 8, 2023 for Plaintiff Kama) to the date of removal, for each Plaintiff exceeds $75,000 based on Plaintiffs' compensation amounts alleged in Paragraphs 11 and 31 of the Complaint. [Complaint, ¶¶11 ¶31 (alleged amounts exceed $330,000 yearly)]. *See Williams v. Am. Airlines, Inc.*, No. 19-cv-08434-JSC, 2020 WL 1330388, at *4 (N.D. Cal. Mar. 23, 2020) (backpay at the time of removal exceeded $200,000); *Sussman v. Cap. One, N.A.*, No. 14-01945 FLW, 2014 WL 5437079, at *4 (D.N.J. Oct. 24, 2014) (where plaintiff was terminated almost eighteen months ago, it follows from the applicable law that if plaintiff proves he was unlawfully terminated, his damages will likely exceed the amount in controversy requirement).

### 2. *Emotional Distress Damages*

16. Plaintiffs are seeking to recover emotional distress damages. [Complaint, ¶¶61, 69, 75, 84] Although Plaintiffs have not specifically quantified their alleged emotional distress, such damages in wrongful termination cases, if proven up by a plaintiff, routinely exceed the amount necessary to satisfy this Court's amount in controversy requirement for diversity jurisdiction. *See e.g. Campbell v. National Passenger Railroad Corporation*, 2009 WL 692094 (N.D. Cal. 2009) (awarding $120,000 in non-economic damages in a wrongful termination case); *Ismen v. Beverly Hosp.*, No. BC366198 (L.A. Super. Ct. Aug. 13, 2008) (awarding $113,100 in emotional distress damages); *Kolas v. Access Bus. Grp. LLC*, 2008 WL 496470 (Los Angeles Super. Ct.) (awarding plaintiff $200,000 in

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4878-9574-1367 v2

6

Case No.
NOTICE OF REMOVAL OF CIVIL ACTION

emotional distress damages); *Plata v. Target Corp.*, 2016 WL 6237798, *3 (C.D. Cal. Oct. 25, 2016) (finding it possible that plaintiff could obtain $25,000 in emotional distress damages for a wrongful termination claim where plaintiff had $0 estimated economic losses); *Chinchilla v. Geodis Am., Inc.,* No. CV231995MASTJB, 2024 WL 943424, at *5 (D.N.J. Mar. 5, 2024) (plaintiff's emotional distress damages claim on its own in employment action has resulted in damages in excess of $75,000).

### 3. <u>Attorneys' Fees</u>

17. Plaintiffs are seeking attorneys' fees. [Complaint, ¶¶64, 72, 87, Prayer for Relief.] In *Galt G/S v. JSS Scandinavia*, the Ninth Circuit held that "where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). Because attorneys' fees are recoverable to the prevailing party under Plaintiffs' whistleblower retaliation claims (Labor Code Section 1102.5(j) and N.J.S.A. §34:19-1), the Court may consider the fees arising from time spent on Plaintiffs' entire complaint in its computation of the jurisdictional amount in controversy. *See e.g. Brady v. Mercedes-Benz USA, Inc.*, 243 F.Supp.2d 1004, 1010-11 (N.D. Cal. 2002) (in deciding amount in controversy issue, a court may estimate the amount of reasonable attorneys' fees likely to be recovered by plaintiff if he were to prevail); *Uddin v. Sears, Roebuck & Co.*, No. 13-6504, 2014 WL 316988, at *5 (D.N.J. Jan. 27, 2014) (holding that jurisdictional threshold was met based on plaintiff's annual salary of $66,885.63 and also considering potential punitive damages and attorney's fees).

### 4. <u>Punitive Damages</u>

18. Plaintiffs are seeking punitive damages. [Complaint, ¶¶63, 71, 77, 86, Prayer for Relief.] Punitive damages are to be included in the amount in controversy analysis when they are sought in the operative complaint. *Haldiman v.*

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4878-9574-1367 v2

7

Case No.
NOTICE OF REMOVAL OF CIVIL ACTION

*Cont'l Cas. Co.*, 666 Fed. Appx. 612, 613-14 (9th Cir. 2016). "It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001); *Davenport v. Mutual Benefit Health and Accident Ass'n*, 325 F.2d 785, 787 (9th Cir. 1963); *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1033 (N.D. Cal. 2002).

19. If the jury were to somehow find grounds for punitive damages against Defendants, it is more likely than not that the punitive damages award would greatly exceed $75,000 on its own. Courts have affirmed jury verdicts well exceeding $75,000 in alleged retaliation cases. *See e.g.*; *Crangle v. Stanford Univ.*, JVR No. 802904, 2000 WL 33727181 (N.D. Cal. 2000) (punitive damages award of $200,000 where sole remaining claim was for retaliation based on making complaint of discrimination); *McCarthy v. R.J. Reynolds Tobacco Co.*, No. CIV. 2:09–2495 WBS, 2011 WL 4006634, at *6 (E.D. Cal. Sept. 8, 2011) (jury awards reduced by trial court to $100,000 each in compensatory damages and $200,000 each in punitive damages).

20. Defendants do not concede Plaintiffs' claims have any merit, and provide the foregoing calculations and damage analysis only to demonstrate that the amount in controversy, based on the relief sought by Plaintiffs, far exceeds the $75,000 jurisdictional requirement. Thus, this Court has original jurisdiction over the claims asserted by Plaintiffs in this action based on diversity of citizenship jurisdiction under 28 U.S.C. §s 1332(a) and 1441(a).

21. Accordingly, under several different potential damage theories, Defendants have demonstrated that it is "more likely than not" that the amount in controversy in this case exceeds $75,000.

## TIMELINESS OF REMOVAL

22. Personal service was effected on Defendants Northern Data US, Inc. and Northern Data US Holdings, Inc. on March 25, 2024. This Notice of Removal

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4878-9574-1367 v2

8

Case No.
NOTICE OF REMOVAL OF CIVIL ACTION

is filed within thirty (30) days of the service date, and within one year of the date of commencement of the action.  This removal is, therefore, timely under 28 U.S.C. § 1446(b).

## VENUE

23. This is a suit of a wholly civil nature brought in a California court.  The action is pending in Los Angeles County, California and, accordingly, under Title 28 United States Code §§ 84(c) and 1441(a), the United States District Court for the Central District of California, Los Angeles Division, is the proper forum for the purposes of removal.  *See* 28 U.S.C § 1441(a) (removal "to the district court of the United States for the district and division embracing the place where such action is pending.")

WHEREFORE, Defendants Northern Data US, Inc., and Northern Data US Holdings, Inc. pray that the above-referenced action now pending in the Los Angeles County Superior Court of the State of California, Case No. 24STCV05852, be removed from that Court to this United States District Court Central District of California.

Dated:  April 23, 2024

BURKE, WILLIAMS & SORENSEN, LLP

By: /s/ Keiko J. Kojima
Cheryl Johnson-Hartwell
Keiko J. Kojima
Attorneys for Defendants
Northern Data US, Inc. and Northern Data US Holdings, Inc.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4878-9574-1367 v2

9

Case No.
NOTICE OF REMOVAL OF CIVIL ACTION