Cheryl Johnson-Hartwell (SBN 221063)
E-mail: cjohnson-hartwell@bwslaw.com
Keiko J. Kojima (SBN 206595)
E-mail: kkojima@bwslaw.com
BURKE, WILLIAMS & SORENSEN, LLP
444 South Flower Street, Suite 2400
Los Angeles, California 90071-2953
Tel: 213.236.0600  Fax: 213.236.2700

Attorneys for Defendants
Northern Data US, Inc. and Northern Data
US Holdings, Inc.

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| JOSHUA PORTER, an individual, and GULSEN KAMA, an individual, | Case No. |
|---|---|
| Plaintiffs, | **DEFENDANTS' APPLICATION FOR LEAVE TO FILE DOCUMENT UNDER SEAL** |
| v. | |
| NORTHERN DATA US, INC., a Delaware corporation; NORTHERN DATA US HOLDINGS, INC., a Delaware corporation; and DOES 1 through 10, inclusive, | **[Filed concurrently with Declaration of Rosanne Kincaid-Smith; [Proposed] Order]** |
| Defendants. | |

TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

Pursuant to Local Rule 79-5, Defendants NORTHERN DATA US, INC. and NORTHERN DATA US HOLDINGS, INC. hereby apply for an order permitting Defendants to file under seal portions of Exhibit "1" (Complaint) to the Appendix of State Court Documents in Support of Defendants' Notice of Removal ("Appendix"). The Appendix is incorporated into Defendants' concurrently-filed Notice of Removal of Civil Action.[1]

---

[1] The parties have scheduled a meet and confer for April 24, 2024 to discuss the privilege issue concerning Jim Black's communications.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4895-7865-3880 v1

1

Case No.
DEFENDANTS' APPLICATION FOR LEAVE TO
FILE DOCUMENT UNDER SEAL

Defendants seek sealing of portions of the Complaint on the grounds that these portions, which are redacted in the public filing, constitute confidential and privileged communications protected by the attorney-client privilege and attorney work product doctrine. The communications are also protected as confidential under non-disclosure agreements signed by Plaintiffs Joshua Porter and Gulsen Kama. Defendants seek an order for sealing of Exhibit "1", or alternatively, for an order for provisional sealing following briefing by the parties.

Good cause exists for Defendants' Application, which is supported by the attached Declaration of Rosanne Kincaid-Smith ("Kincaid-Smith Decl.")

The request to seal is narrow. The Complaint contains multiple references to emails involving Northern Data's former Chief Legal and Compliance Officer, Jim Black and/or Deputy General Counsel Europe, Martin Rinscheid as well as discussions involving Jim Black. Specifically, the Complaint directly quotes the content of April 12, 2023 and April 19, 2023 emails sent by Jim Black providing legal advice with respect to draft press releases. [Complaint, ¶¶41-42] The Complaint also describes Plaintiff Kama's alleged discussions with Jim Black and contains allegations regarding Mr. Black's statements, opinions, communications, and actions (collectively "Protected Communications"), which, as demonstrated based on the allegations in the Complaint, were made for the purpose of obtaining or providing legal advice. [*See e.g.* Complaint, ¶¶13-15 (entirety); ¶16 (p. 6, line 10); ¶22 (p. 7, lines 17-22); ¶35 (p. 10, lines 15-24); ¶37 (p. 11, lines 1-7); ¶41 (p. 11, lines 22-23 and p. 11, line 26 – p. 12, line-6); ¶42 (entirety); ¶44 (p. 13, lines 4-6); ¶45 (p. 13, lines 10-14); ¶52 (p. 15, lines 3-5)]. [Kincaid-Smith Decl., ¶3]

California's attorney-client privilege allows a client "to refuse to disclose, and to prevent another from disclosing, a confidential communication between client and lawyer ...." Cal. Evid. Code § 954. "A corporation is a person whose confidential communications with its attorney are protected by the attorney-client privilege." *Zurich Am. Ins. Co. v. Superior Ct.*, 155 Cal. App. 4th 1485, 1496

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4895-7865-3880 v1

2

Case No.
DEFENDANTS' APPLICATION FOR LEAVE TO FILE DOCUMENT UNDER SEAL

(2007) (internal citation and quotation marks omitted). "The attorney-client privilege covers all forms of communication, including transactional advice and advice in contemplation of threatened litigation ...." *Id*. at 1495 (internal citations and quotation marks omitted). "[T]he fundamental purpose behind the privilege is to safeguard the confidential relationship between clients and their attorneys so as to promote full and open discussion of the facts and tactics surrounding individual legal matters. *Mitchell v. Superior Ct*., 37 Cal. 3d 591, 599 (1984) (internal citation omitted). When there is a confidential communication between an attorney and a client, the entire communication is privileged. *Costco Wholesale Corp. v. Superior Ct*., 47 Cal. 4th 725, 736 (2009). "[T]he privilege is absolute and disclosure may not be ordered, without regard to relevance, necessity or any particular circumstances peculiar to the case." *Id*. at 732 (internal citation and quotation marks omitted).

Here, in his role as the Chief Legal and Compliance Officer at Northern Data, Jim Black was requested to and provided legal input and advice to Northern Data. For example, Mr. Black's April 12, 2023 email, which is described in Paragraph 41 of the Complaint, contains specific advice in his role as the Chief Legal and Compliance Officer regarding a draft press release. Mr. Black's email was circulated to me and other individuals of Northern Data's Executive Leadership Team and members of its upper level management: Rosanne Kincaid-Smith (Group Chief Operating Officer); Jens-Philipp Briemle (Head of Investor Relations); Gülsen Kama (Group Chief Financial Officer), with a cc: to Aroosh Thillainathan (Chief Executive Officer). [Kincaid-Smith Decl., ¶4] As demonstrated by its content, Mr. Black's April 12, 2023 email communication quoted in Paragraph 41 was made for the purpose of obtaining or providing legal advice, including rendering legal advice in anticipation of potential litigation. This email is considered and maintained as privileged and confidential by Northern Data. [Kincaid-Smith Decl., ¶5]

Similarly, Mr. Black's April 19, 2023 email quoted in Paragraph 42 of the Complaint contains Mr. Black's advice to Northern Data in his role as the Chief

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4895-7865-3880 v1

3

Case No.
DEFENDANTS' APPLICATION FOR LEAVE TO FILE DOCUMENT UNDER SEAL

Legal and Compliance Officer. Mr. Black's April 19, 2023 email was sent to members of upper level management of Northern Data: To: Jens-Philipp Briemle (Head of Investor Relations); Karl Havard (Managing Director, Cloud Solutions Division); Aroosh Thillainathan (Chief Executive Officer); Rosanne Kincaid-Smith (Group Chief Operating Officer); Gülsen Kama (Group Chief Financial Officer), with cc: to Johannes Gantner (VP Finance Europe) and Martin Rinscheid (Deputy General Counsel Europe). [Kincaid-Smith Decl., ¶6] As demonstrated by its content, Mr. Black's April 19, 2023 email communication quoted in Paragraph 42 was made for the purpose of obtaining or providing legal advice, including rendering legal advice in anticipation of potential litigation. This email is considered and maintained as privileged and confidential by Northern Data. [Kincaid-Smith Decl., ¶7].

The Protected Communications contain discussion of legal advice or strategy of counsel, which are protected under the attorney-client privilege. California Evidence Code § 952 "provides that a 'confidential communication' 'includes a legal opinion formed and the advice given by the lawyer in the course of that relationship.' " *Zurich Am. Ins. Co.*, 155 Cal. App. 4th at 1503.

Further, documents or the compilation of materials created by an attorney or agents of the attorney in preparation for litigation or trial may be covered by the work-product doctrine. *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011). To qualify for work-product protection, materials must: "(1) be prepared in anticipation of litigation or for trial and (2) be prepared by or for another party or by or for that other party's representative." *Id*. (quotation marks omitted). The work-product doctrine affords special or heightened protection to materials that reveal an attorney's mental impressions or opinions. *Admiral Ins. Co. v. U.S. Dist. Ct. for Dist. of Arizona,* 881 F.2d 1486, 1494 (9th Cir. 1989); Fed. R. Civ. P. 26(b)(3)(B). "Anticipation of litigation" has been defined in the Ninth Circuit as preparation of a document "because of the prospect of litigation." *Fru-Con Constr. Corp. v.*

Burke, Williams & Sorensen, LLP
Attorneys at Law
Los Angeles

4895-7865-3880 v1

4

Case No.
DEFENDANTS' APPLICATION FOR LEAVE TO FILE DOCUMENT UNDER SEAL

*Sacramento Mun. Util. Dist.*, 2006 WL 2050999, at *3 (E.D. Cal. July 20, 2006) citing *United States v. Torf,* 357 F.3d 900, 908 (9th Cir.2004).  Here, the Protected Communications constitute opinion attorney work product as the information and advice communicated were made in anticipation of litigation.  [Kincaid-Smith Decl., ¶¶5,7].

Moreover, the Protected Communications with Mr. Black also constitute Confidential Information subject to non-disclosure provisions in the Confidential Information, Assignment and Non-Solicitation Agreement signed by Josh Porter and Gulsen Kama respectively on April 12, 2022 and June 21, 2022.  [Kincaid-Smith Decl., ¶8]  These Agreements can be submitted in camera or upon submission.

Accordingly, Defendants request that this Application be granted and that Exhibit "1" to the Appendix be ordered to be filed under seal.  Alternatively, if further information is required, Defendants request that the Application be granted provisionally, upon further briefing and the Court's final ruling, with the parties to meet and confer over a briefing schedule.

Dated:  April 23, 2024

BURKE, WILLIAMS & SORENSEN, LLP

By: _____
Cheryl Johnson-Hartwell
Keiko J. Kojima
Attorneys for Defendants
Northern Data US, Inc. and Northern Data US Holdings, Inc.

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4895-7865-3880 v1

5

Case No.
DEFENDANTS' APPLICATION FOR LEAVE TO FILE DOCUMENT UNDER SEAL