1  Cheryl Johnson-Hartwell (SBN 221063)
   E-mail:  cjohnson-hartwell@bwslaw.com
2  Keiko J. Kojima (SBN 206595)
   E-mail:  kkojima@bwslaw.com
3  BURKE, WILLIAMS & SORENSEN, LLP
   444 South Flower Street, Suite 2400
4  Los Angeles, California 90071-2953
   Tel:  213.236.0600 Fax:  213.236.2700
5
   Attorneys for Defendants
6  Northern Data US, Inc. and Northern Data
   US Holdings, Inc.
7

8                  UNITED STATES DISTRICT COURT

9        CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| 10  JOSHUA PORTER, an individual, and GULSEN KAMA, an individual, <br><br> 11           Plaintiffs, <br><br> 12     v. <br><br> 13  NORTHERN DATA US, INC., a Delaware corporation; NORTHERN DATA US HOLDINGS, INC., a Delaware corporation; and DOES 1 through 10, inclusive, <br><br> 16           Defendants. | Case No. 2:24-cv-03389-ODW (AGRx) <br><br> **DEFENDANTS' APPLICATION TO SEAL PORTIONS OF FIRST AMENDED COMPLAINT FILED BY PLAINTIFFS [DOC. 20]** <br><br> **[Filed concurrently with Declarations of Rosanne Kincaid-Smith and Keiko J. Kojima; [Proposed] Order]** |

18        TO THE COURT AND ALL PARTIES AND THEIR ATTORNEYS OF

19  RECORD:

20        Pursuant to Local Rule 79-5, Defendants NORTHERN DATA US, INC. and

21  NORTHERN DATA US HOLDINGS, INC. hereby apply for an order for the

22  sealing of portions of the First Amended Complaint [Doc. 20] filed by Plaintiffs

23  Joshua Porter and Gulsen Kama in this action on June 14, 2024.[1]

24

25  [1] Defendants seek an order for the First Amended Complaint to be placed under seal
26  as opposed to Plaintiffs first seeking leave through an Application for filing the
    document under seal (subsequently to be followed by Defendants' declaration to
27  support the sealing under Local Rule 79-5) due to Plaintiffs' objection of burden and
28  confidentiality for filing the provisional application.  Defendants explained that

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4869-8863-2263 v1                                    1        Case No. 2:24-cv-03389-ODW (AGRx)
                                                                DEFS' APPLICATION TO SEAL PORTIONS OF
                                                                       FIRST AMENDED COMPLAINT

1   Defendants seek sealing of portions of the First Amended Complaint on the

2   grounds that these portions include confidential and privileged communications

3   protected by the attorney-client privilege and attorney work product doctrine.  The

4   communications are also protected as confidential under non-disclosure agreements

5   signed by Plaintiffs Joshua Porter and Gulsen Kama.  Defendants seek an order for

6   sealing of the unredacted First Amended Complaint [Doc. 20] or alternatively, for

7   an order for provisional sealing following briefing by the parties.

8       Good cause exists for Defendants' Application, which is supported by the

9   concurrently-filed Declaration of Rosanne Kincaid-Smith ("Kincaid-Smith Decl.")

10  The redactions are substantively the same redactions applied to the corresponding

11  portions of the original Complaint (updated to address amended allegations) that

12  was the subject of Defendants' application for sealing order that was granted by this

13  Court on April 26, 2024.  [Doc. 12 (Order Granting Defendants' Application For

14  Leave To File Document Under Seal [5]; Kojima Decl., ¶4]

15      The request to seal is narrow.  The Complaint contains multiple references to

16  emails involving Northern Data's former Chief Legal and Compliance Officer, Jim

17  Black as well as discussions involving Jim Black.  The First Amended Complaint

18  describes Plaintiff Porter and Plaintiff Kama's alleged discussions with Jim Black

19  and contains allegations regarding Mr. Black's statements, opinions,

20  communications, and actions (collectively "Protected Communications"), which, as

21  demonstrated based on the allegations in the Complaint, were made for the purpose

22  of obtaining or providing legal advice.  [*See e.g.* First Amended Complaint, ¶¶14-16

23  (entirety); ¶17 (p. 7, lines 17-18); ¶23 (p. 9, lines 3-9); ¶36 (p. 12, lines 11-23); ¶38

24  (p. 13, lines 1-8); ¶42 (p. 13, lines 24-25); ¶43 (entirety); ¶45 (p. 14, lines 8-11); ¶46

25  (p. 14, lines 15-20).]   [Kincaid-Smith Decl., ¶3]   The First Amended Complaint

26

27  Plaintiffs may reserve their right as to confidentiality/privilege even with the

28  provisional sealing.  [Declaration of Keiko J. Kojima ("Kojima Decl."), ¶3]

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4869-8863-2263 v1

2

Case No. 2:24-cv-03389-ODW (AGRx)
DEFS' APPLICATION TO SEAL PORTIONS OF
FIRST AMENDED COMPLAINT

1 also discloses the content of April 12, 2023 and April 19, 2023 emails sent by Jim

2 Black providing legal advice with respect to draft press releases.  [First Amended

3 Complaint, ¶¶42-43]

4          California's attorney-client privilege allows a client "to refuse to disclose, and

5 to prevent another from disclosing, a confidential communication between client

6 and lawyer ...." Cal. Evid. Code § 954.  "A corporation is a person whose

7 confidential communications with its attorney are protected by the attorney-client

8 privilege." *Zurich Am. Ins. Co. v. Superior Ct.*, 155 Cal. App. 4th 1485, 1496

9 (2007) (internal citation and quotation marks omitted). "The attorney-client

10 privilege covers all forms of communication, including transactional advice and

11 advice in contemplation of threatened litigation ...." *Id*. at 1495 (internal citations

12 and quotation marks omitted). "[T]he fundamental purpose behind the privilege is to

13 safeguard the confidential relationship between clients and their attorneys so as to

14 promote full and open discussion of the facts and tactics surrounding individual

15 legal matters. *Mitchell v. Superior Ct.*, 37 Cal. 3d 591, 599 (1984) (internal citation

16 omitted).  When there is a confidential communication between an attorney and a

17 client, the entire communication is privileged.  *Costco Wholesale Corp. v. Superior

18 Ct.*, 47 Cal. 4th 725, 736 (2009). "[T]he privilege is absolute and disclosure may not

19 be ordered, without regard to relevance, necessity or any particular circumstances

20 peculiar to the case."  *Id*. at 732 (internal citation and quotation marks omitted).

21          Here, in his role as the Chief Legal and Compliance Officer at Northern Data,

22 Jim Black was requested to and provided legal input and advice to Northern Data.

23 the First Amended Complaint contains allegations regarding specific information

24 Plaintiff Porter learned from Jim Black and Northern Data's President and Chief

25 Financial Officer, and information Porter discussed with Mr. Black.  [*See e.g.* First

26 Amended Complaint, ¶¶14-16, ¶17, ¶23].  The Protected Communications also

27 include allegations regarding specific information Plaintiff Kama learned from Jim

28 Black and information discussed by Jim Black.  [*See e.g*. First Amended Complaint,

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4869-8863-2263 v1

3

Case No. 2:24-cv-03389-ODW (AGRx)
DEFS' APPLICATION TO SEAL PORTIONS OF
FIRST AMENDED COMPLAINT

¶36, ¶38, ¶42, ¶43, ¶45].  Mr. Black's communications, as alleged, were made for the purpose of obtaining or providing legal advice, including rendering legal advice in anticipation of potential litigation.  This information is considered and maintained as privileged and confidential by Northern Data.  [Kincaid-Smith Decl., ¶4]

As further example, Paragraph 42 of the First Amended Complaint refers to Mr. Black's specific advice in his role as the Chief Legal and Compliance Officer provided in an April 12, 2023 email regarding a draft press release.  Mr. Black's April 12, 2023 email communication was made for the purpose of obtaining or providing legal advice, including rendering legal advice in anticipation of potential litigation.  This information is considered and maintained as privileged and confidential by Northern Data.  [Kincaid-Smith Decl., ¶5]

Similarly, Mr. Black's actions alleged in Paragraph 43 of the First Amended Complaint refer to Mr. Black's advice to Northern Data communicated in his April 19, 2023 email in his role as the Chief Legal and Compliance Officer.   Mr. Black's email communication was made for the purpose of obtaining or providing legal advice, including rendering legal advice in anticipation of potential litigation.  This information is considered and maintained as privileged and confidential by Northern Data.  [Kincaid-Smith Decl., ¶6].

The Protected Communications contain discussion of legal advice or strategy of counsel, which are protected under the attorney-client privilege. California Evidence Code § 952 "provides that a 'confidential communication' 'includes a legal opinion formed and the advice given by the lawyer in the course of that relationship.' " *Zurich Am. Ins. Co.*, 155 Cal. App. 4th at 1503.

Further, documents or the compilation of materials created by an attorney or agents of the attorney in preparation for litigation or trial may be covered by the work-product doctrine. *United States v. Richey*, 632 F.3d 559, 567 (9th Cir. 2011). To qualify for work-product protection, materials must: "(1) be prepared in anticipation of litigation or for trial and (2) be prepared by or for another party or by

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4869-8863-2263 v1

4

Case No. 2:24-cv-03389-ODW (AGRx)
DEFS' APPLICATION TO SEAL PORTIONS OF
FIRST AMENDED COMPLAINT

1  or for that other party's representative." *Id*. (quotation marks omitted).  The work-

2  product doctrine affords special or heightened protection to materials that reveal an

3  attorney's mental impressions or opinions. *Admiral Ins. Co. v. U.S. Dist. Ct. for*

4  *Dist. of Arizona,* 881 F.2d 1486, 1494 (9th Cir. 1989); Fed. R. Civ. P. 26(b)(3)(B).

5  "Anticipation of litigation" has been defined in the Ninth Circuit as preparation of a

6  document "because of the prospect of litigation." *Fru-Con Constr. Corp. v.*

7  *Sacramento Mun. Util. Dist*., 2006 WL 2050999, at *3 (E.D. Cal. July 20, 2006)

8  citing *United States v. Torf,* 357 F.3d 900, 908 (9th Cir.2004).  Here, the Protected

9  Communications constitute opinion attorney work product as the information and

10  advice communicated were made in anticipation of litigation.  [Kincaid-Smith Decl.,

11  ¶¶4-6].

12        Moreover, the Protected Communications with Mr. Black also constitute

13  Confidential Information subject to non-disclosure provisions in the Confidential

14  Information, Assignment and Non-Solicitation Agreement signed by Joshua Porter

15  and Gulsen Kama respectively on April 12, 2022 and June 21, 2022.  [Kincaid-

16  Smith Decl., ¶7]  These Agreements can be submitted in camera or upon

17  submission.

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4869-8863-2263 v1

5

Case No. 2:24-cv-03389-ODW (AGRx)
DEFS' APPLICATION TO SEAL PORTIONS OF
FIRST AMENDED COMPLAINT

1    Accordingly, Defendants request that this Application be granted and that the

2 First Amended Complaint be ordered to be placed under seal, with Plaintiffs filing

3 the redacted First Amended Complaint within three days following entry of the

4 Order.  Alternatively, if further information is required, Defendants request that the

5 Application be granted provisionally, upon further briefing and the Court's final

6 ruling, with the parties to meet and confer over a briefing schedule.

7

8 Dated:  June 17, 2024                    BURKE, WILLIAMS & SORENSEN, LLP

9

10

11                                                            By:

12                                                                   Cheryl Johnson-Hartwell
                                                                     Keiko J. Kojima
13                                                                   Attorneys for Defendants
                                                                     Northern Data US, Inc. and Northern
14                                                                   Data US Holdings, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

4869-8863-2263 v1

6

Case No. 2:24-cv-03389-ODW (AGRx)
DEFS' APPLICATION TO SEAL PORTIONS OF
FIRST AMENDED COMPLAINT